# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Mark Falk |
| v. | : | Magistrate No. 18-3533 (MF) |
| JUAN JESUS TOVAR-CASTILLA | : | **CRIMINAL COMPLAINT** |

I, Ian Patel, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief:

SEE ATTACHMENT A

I further state that I am a Deportation Officer with the United States Department of Homeland Security, Immigrations and Customs Enforcement, and that this complaint is based on the following facts:

SEE ATTACHMENT B

_____
Ian Patel
Deportation Officer
Immigration and Customs Enforcement
U.S. Department of Homeland Security

Sworn to before me and subscribed in my presence,
March _5_, 2018 Newark, New Jersey

_____
Signature of Judicial Officer

HONORABLE MARK FALK
UNITED STATES MAGISTRATE JUDGE

## **ATTACHMENT A**

On or about January 15, 2018, in Passaic County, in the District of New Jersey, and elsewhere, the defendant,

JUAN JESUS TOVAR-CASTILLA,

being an alien, and on or about November 5, 2013, having been deported and removed and departed from the United States while an order of removal was outstanding, did knowingly and voluntarily enter, attempt to enter, and was found in the United States without the Attorney General expressly consenting to the defendant's re-applying for admission to the United States prior to his re-embarkation at a place outside the United States.

In violation of Title 8, United States Code, Section 1326(a).

**ATTACHMENT B**

I, Ian Patel, am a Deportation Officer with the Department of Homeland Security, Immigration and Customs Enforcement ("ICE"). I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, and items of evidence. Where statements of others are related herein, they are related in substance and part. Because this complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1. The defendant, JUAN JESUS TOVAR-CASTILLA, (the "Defendant"), is a citizen of Peru, and he neither is a citizen nor a national of the United States.

2. On or about September 6, 2013, the Defendant was arrested by the United States Border Patrol in Texas for illegally entering the United States.

3. On or about September 7, 2013, the Defendant was ordered removed by the United States Border Patrol.

4. On or about September 10, 2013, the Defendant pled guilty in the United States District Court in the Western District of Texas, Del Rio Divison, to Improper Entry By Alien, in violation of Title 8, United States Code, Section 1325, and was sentenced on this charge to approximately ten days of imprisonment.

5. On or about November 5, 2013, the Defendant was removed from the United States. Shortly before his removal from the United States in November 2013, an official from ICE took a fingerprint from the Defendant.

6. At some point after his 2013 removal, the Defendant re-entered the United States without permission from either the Attorney General or the Secretary of Homeland Security.

7. On or about January 15, 2018, the Defendant was arrested in Paterson, New Jersey, for Sexual Assault, in violation of Section 2C:14-2C(1) of the New Jersey Code of Criminal Justice, and Criminal Sexual Contact, in violation of Section 2C:14-3(b) of the New Jersey Code of Criminal Justice.

8. On or about January 22, 2018, the Defendant entered into the custody of ICE in New Jersey.

9. A fingerprint taken from the Defendant from his deportation records for the November 2013 removal was compared to the Defendant's fingerprint

that was taken on or about January 22, 2018 after he entered ICE's custody. Both the fingerprints were found to be identical.

10. Prior to the Defendant's re-entry into the United States, neither the Attorney General nor the Secretary of Homeland Security consented to the Defendant re-entering the United States. The Defendant also did not receive a waiver allowing him to re-enter the United States.